## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DUANE MOLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-432 CAS |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 186445), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $17.48. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C.

§ 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $87.42, and an average monthly balance of $3.62.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $17.48, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a

-2-

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

### The Complaint

Plaintiff, an inmate at ERDCC brings this action pursuant to 42 U.S.C. § 1983 against the State of Missouri alleging violations of his civil rights.  Also named as a defendant in the body of the complaint is a correctional officer, presumably at ERDCC, Michael Shryock.

Liberally construing the complaint, as well as plaintiff's various "notices" and supplements,[1] it appears that the majority of plaintiff's allegations concern his argument that he has been improperly held in Missouri under the Interstate Agreement on Detainers Act ("IADA").  In sum, he appears to be alleging that his Missouri sentence was invalid because Missouri officials failed to comply with the IADA in the 1980s.

Plaintiff also asserts, in a conclusory manner, that he is being harassed by a correctional officer, Michael Shryock, who "knowingly wrote a false conduct violation" against him.  Plaintiff complains that defendant Shryock falsely accused him of smoking a cigarette in his cell and gave him a conduct violation for doing so, even though he had a witness who was willing to state that he was

---

[1] The Court additionally takes judicial notice of the record submitted in conjunction with plaintiff's prior habeas action before this Court, Moll v. Gammon, No. 4:89CV2375 RWS (E.D. Mo.).

-3-

merely rolling cigarettes and not smoking.  Plaintiff asks the Court to make the Missouri Department of Corrections follow their own grievance procedures and provide proper weight to the evidence he has submitted in defense of his position relating to the conduct violation he received from defendant Shryock.

Plaintiff additionally seeks monetary damages as well as an order from this Court finding that his imprisonment is unlawful and invalid under the IADA.

### Discussion

Plaintiff was indicted by a grand jury for St. Louis County, Missouri, on charges of forcible rape, robbery, burglary, and stealing a motor vehicle for crimes that had occurred in 1982.  Plaintiff pled guilty in April 1983 in Illinois to charges of home invasion and armed robbery and was sentenced to two concurrent terms of twenty years' imprisonment.  Ten days later, plaintiff was transferred to Menard Correctional Center.

On May 31, 1983, plaintiff, confined in Illinois, filed a request for disposition of the Missouri charges against him pursuant to the IADA. On June 1, 1983, the presiding judge of the St. Louis County Circuit Court and the prosecuting attorney signed an acceptance of an offer of temporary custody of plaintiff that accompanied the request for disposition.

A few months later, in July 1983, plaintiff was transferred to the Menard Psychiatric Center ("MPC"), where it appears he was kept under observation for acute psychiatric disorders until February of 1986.  In November of 1985 the Administrator of MPC filed a written offer to deliver temporary custody of plaintiff to the St. Louis  County prosecuting attorney.  One month later, in January of 1986, plaintiff filed another request for disposition of the Missouri charges.  A few days later, the St. Louis County prosecutor filed a written acceptance of temporary custody of plaintiff,

-4-

to be effective in February of 1986.  Plaintiff was transferred to the St. Louis County Jail on February 4, 1986.  On February 11, 1986, plaintiff was appointed counsel and arraigned.

On April 4, 1986, plaintiff pled guilty to the four Missouri charges and was sentenced to an aggregate term of 25 years' imprisonment to be served consecutively to the Illinois' sentences.[2] During his plea hearing he told the Court that he was staying at MPC to avoid having to deal with gangs and because he, at times, suffered from depression.  After the plea hearing plaintiff was returned to MPC.  In February of 1989, plaintiff was transferred from MPC to Stateville Correctional Center.  On June 12, 1992, plaintiff was transferred to the Missouri Department of Corrections and confined to Fulton Diagnostic Center.  Since that time he has been held in numerous different correctional facilities in the State of Missouri.

Given that the sole relief plaintiff appears to be seeking is an order vacating his original Missouri sentence, the Court finds that plaintiff's claims are cognizable exclusively under 28 U.S.C. § 2254, not 42 U.S.C. § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)(habeas corpus is the appropriate remedy for prisoners attacking the validity of the fact or length of their confinement). As such, the Court will dismiss the instant § 1983 complaint.

Moreover, any claim made by plaintiff that his due process rights were violated  by a violation of the IADA[3] was waived when plaintiff pled guilty to his Missouri crimes.  See Beachem v. Attorney General of Mo., 808 F.2d 1303, 1305 (8th Cir. 1987).

---

[2]Plaintiff was specifically sentenced to concurrent 25 year terms of imprisonment on the rape and first degree robbery charges, a concurrent 15 year term on the first degree burglary charge and a concurrent 7 year term on the stealing a motor vehicle charge.

[3]The Act requires that a criminal defendant be brought to trial within 180 days after a request that complies with the statutory provisions is delivered to the prosecuting attorney and the appropriate court.  See Jenkins v. Purkett, 963 F.2d 1117, 1177-18 (8th Cir. 1992).

Last, plaintiff's claim that defendant Shryock gave him a false conduct violation is not actionable under § 1983.  See Glick v. Sargent, 696 F.2d  413, 414 (8th Cir. 1983). The Court also will not intervene in plaintiff's grievance action with defendant Shryock to ensure that the Department of Corrections is following its own policies and procedures.  "In the context of a state prison system, an inmate grievance procedure is not constitutionally required." Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  "If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim." Id.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. (Doc. 11)

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $17.48 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this __21st____ day of June, 2013.